IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| OMAR FABIAN VALDES GUALTERO, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. 13-cr-00310-GBL-2 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Omar Fabian Valdes Gualtero's ("Gualtero") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 396). On December 17, 2014, Gualtero pleaded guilty to aiding and abetting the murder of an internationally protected person in violation of 18 U.S.C. §§ 116(a) and 2, and conspiracy to kidnap an internationally protected person in violation of 18 U.S.C. § 1201(c) (Docs. 262, 263). He was subsequently sentenced to 348 months of incarceration (Doc. 352). Gualtero now challenges his conviction based on insufficiency of evidence and ineffective assistance of counsel.

There are two issues before the Court. The first issue is whether the Court should grant Gualtero's § 2255 motion where Gualtero argues that he should have been given a two-level reduction for being a minor participant in the conspiracy that resulted in the death of a Drug Enforcement Agency ("DEA") Agent. The second issue is whether the Court should grant Gualtero's § 2255 motion where Gualtero claims (1) his counsel was ineffective for failing to challenge at sentencing his base-offense level calculation, and (2) his counsel was ineffective at sentencing and on appeal for failing to object to the obstruction of justice enhancement.

The Court DENIES Gualtero's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 because the Court holds that Gualtero was not a minor participant in the conspiracy that resulted in the death of a DEA Agent, and Gualtero has failed to demonstrate a valid ineffective assistance of counsel claim. Additionally, while Gualtero's motion fails on its merits, the Court holds that he is procedurally barred from challenging his sentencing pursuant to his plea agreement. Therefore, the Court holds that no evidentiary hearing is required.

## I. BACKGROUND

In or around June 20, 2013, Gualtero and five other co-conspirators kidnapped and murdered DEA Special Agent James Terry Watson in Bogota, Colombia (Doc. 410 at 2). Special Agent Watson's murder was part of a conspiracy known as "millionaire's ride robberies," where Gualtero and other co-conspirators would pick up passengers they presumed to be wealthy and use weapons such as knives, tasers, and chemical sprays, to rob them. *Id.* The co-conspirators of these millionaire's ride robberies would "hold the victim to secure PIN numbers for bank cards while another conspirator would drive to bank ATMs to withdraw money." *Id.*

On June 20, 2013, Gualtero and his co-conspirators planned to commit "millionaire's ride" robberies (Doc. 410 at 3). Gualtero used funds obtained through selling other stolen property from previous robberies to buy a taser and acid spray "with the purpose of using the weapons during the 'millionaire's ride' robberies" (Doc. 263 ¶ 16). Lopez, Gualtero's co-conspirator, gave the taser to Sepulveda, another co-conspirator, on the evening of June 20, 2013. *Id.* Gualtero then spoke with Sepulveda about how to use the taser, "with the understanding that Sepulveda would use the taser to subdue those robbery victims who were not

compliant with the conspirators' demands." *Id.* The conspirators planned to use three taxicabs to commit the robberies, but one of the taxis experienced mechanical issues prior to picking up Agent Watson. *Id.* ¶ 17. Lopez drove the second cab, while Gualtero, Sepulveda, and Murillo drove as passengers. *Id.* The conspirators had planned for Sepulveda and Murillo to enter the first cab, rob the victims, and detain them until the conspirators could use their bank cards. *Id.* Gualtero and Lopez were to remain in the second cab to receive the stolen bank cards and then use them at banks to withdraw money. *Id.*

One of the conspirators picked up Special Agent Watson, and then stopped his taxicab and pretended to experience mechanical issues (Doc. 263 ¶ 18). Lopez stopped the second taxi, of which Gualtero was a passenger of, and Sepulveda and Murillo then proceeded to enter Agent Watson's cab. The two used a taser and knife to physically assault Agent Watson, and while he was able to escape, Agent Watson later died as a result from the stab wounds. *Id.*

On June 25, 2013, Gualtero was arrested, and on July 18, 2013, a federal grand jury indicted him (Doc. 410 at 3). On July 14, 2014, The United States extradited Gualtero and his co-conspirators from Colombia to the United States, and the case was set for trial on January 12, 2015. *Id.* On December 17, 2014, Gualtero signed a plea agreement where he agreed to plead guilty to "Count One and Count Three of the indictment, which charged him with aiding and abetting the murder of an internationally protected person, in violation of Title 18, United States Code, Sections 1116(a) and 2, and conspiracy to kidnap an internationally protected person, in violation of Title 18, United States Code, Section 1201(c)." *Id.*

On December 19, 2014, Gualtero appeared before the Court with his counsel ("trial counsel") and entered his guilty plea (Doc. 410 at 3). On April 13, 2015, Gualtero received a sentence of 348 months, and on April 23, 2015, his counsel filed a notice of appeal with the

Fourth Circuit Court of Appeals (Doc. 337). Shortly after filing the appeal, Gualtero's trial counsel withdrew, and on May 1, 2015, Gualtero received his newly appointed counsel ("appellate counsel"). *Id.* Gualtero's appellate counsel filed a brief pursuant to *Anders v. California* ("Anders Brief"), where he asserted that while he had "failed to identify any legally meritorious appealable issues," there were two "arguable" issues, which included "[w]hether the [district] court properly applied the obstruction of justice enhancement," and "whether [Gualtero] voluntarily and knowingly waived his right to appeal" (Doc. 410-1; Exhibit A at 4). Appellate counsel conceded that Gualtero's claim would likely fail because Gualtero "knowingly, voluntarily, and intelligently waived his right to appeal." *Id.* at 7. Moreover, appellate counsel stated that through applying the obstruction enhancement, "[t]he district court was entitled to make credibility determinations; the court found the agent's testimony [about whether a gun had been brandished during Gualtero's interrogation] was credible, and [Gualtero's] testimony incredible." *Id.* at 8. Appellate counsel concluded that the Court rightly found that Gualtero obstructed justice through his untruthful testimony at the suppression hearing. *Id.* Gualtero failed to file a *pro se* brief in response to the *Anders* brief, and the Government subsequently filed a motion to appeal, which the Fourth Circuit granted on November 19, 2015 (Doc. 410 at 4).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a prisoner in custody under a court's sentencing may move a court to vacate, set aside, or correct the sentence if: (1) the sentence imposed violates the Constitution or United States' laws; (2) the court did not have jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; (4) or the sentence is otherwise vulnerable to collateral attack. 28 U.S.C. § 2255; *See Watson v. United States*, 2011

WL 6697900, *1 (E.D. Va. Dec. 20, 2011). In collaterally attacking the judgment of his conviction, the petitioner bears the burden of proof to establish the allegations of his section 2255 motion by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Courts construe a *pro se* litigant's pleadings liberally. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)(per curiam))); *Tucker v. United States*, 2014 WL 3507453, at *2 (E.D. Va. Jul. 14, 2014). However, the *pro se* litigant must include each ground supporting his claim for relief in his § 2255 motion, and he must state his factual allegations with sufficient particularity to give a reader enough notice to determine whether the motion requires further review. *Watson*, 2011 WL 6697900 at *3, citing *Oliver v. United States*, 961 F.2d 1339, n.5 ("No hearing is required in a § 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court.").

A § 2255 motion "may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982) (citing *United States v. Addonizio*, 442 U.S. 178, 184–85). Moreover, "the doctrine of procedural default bars the consideration of a claim that was not raised at the appropriate time during the original proceedings of on appeal." *United States v. Hurdle*, No. 2:07cv49, No. 2:06cr21, 2007 WL 1555779, *2 (E.D. Va. May 22, 2007). Procedural default will not act as a bar to collateral relief under limited circumstances. *Watson*, 2011 WL 6697900 at *2. Two of these limited circumstances include: (1) when a petitioner demonstrates cause and actual prejudice resulting from the alleged error underlying his section 2255 motion, and (2)

when a petitioner shows ineffective assistance of counsel. *Id.* (citing *Frady*, 456 U.S. at 167; *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997).

### III. ANALYSIS

#### A. Guartero's § 2255 Motion Fails on the Merits

The Court DENIES Gualtero's Motion to Set Aside, Correct, or Vacate a sentence under Section 2255 because the records and facts of the case demonstrate that Gualtero was not a minor participant and he was not denied effective assistance of counsel. Thus, Gualtero has failed to make a sufficient preliminary showing that he is entitled to relief, and therefore the Court DENIES his request for an evidentiary hearing.

##### 1. Minor Participant Adjustment

A petitioner seeking a minor participant adjustment in sentencing must prove that he is entitled to such adjustment by a preponderance of the evidence. *United States v. Akinkoye*, 185 F.3d 192, 201 (4th Cir. 1999).

When determining whether adjustments apply, courts must evaluate whether the defendant's conduct was material or essential to the offense. *Akinkoye*, 185 F.3d at 202. In *Akinkoye*, the Fourth Circuit held that co-defendant Afolabi was "material or essential" to the credit card fraud offense. *Id.* The court reasoned that although Afolabi was "less culpable than Akinkoye," Afolabi accompanied Akinkoye into retail shops where the cards were used, signed cards that were used to purchase thousands of dollars worth of merchandise, and facilitated Akinkoye's use of the cards. *Id.* Additionally, Afolabi argued that she did not reasonably foresee that the scheme would lead to a $214,245.28 loss. *Id.* However, the court ruled that "a conspirator may be held responsible not only for the losses his own conduct personally caused, but also for any other losses resulting from the furtherance of the

6

conspiracy that were reasonably foreseeable to him." *Id.* (citing U.S.S.G. 1b1.3(a)(1)(B)).[1] Thus, after evaluating the facts surrounding her case, the court held that Afolabi could reasonably foresee the total loss. *Id.* at 203. Similarly, in *United States v. Cabell*, the defendant contended that she had a minor role in a robbery and was therefore entitled to an adjustment in sentencing. 118 F. App'x 725, 725 (4th Cir. 2004). Cabell had pled guilty to aiding and abetting a bank robbery after she had driven Troy Handley to the bank and then subsequently drove him away after he completed the robbery. *Id.* at 726. As such, the court ruled that a defendant who "knowingly assists another by driving him to and from the scene of the crime" plays more than a minor role in the offense. *Id.* (citing *United States v. Terry*, 86 F.3d 353, 358 (4th Cir. 1996) (holding that defendant driving the car from which co-defendant shot at driver of passing vehicle was not a minor participant in the offense because he followed the passing car so his co-defendant could continue shooting)).

The record shows that Gualtero was not a minor participant in the offense that resulted in the murder of Agent Watson. As the Statement of Facts provides, Gualtero "brought Lopez to purchase a taser [ ] and acid spray with the purpose of using the weapons during the 'millionaire's ride' robberies they planned to conduct" (Doc. 263 ¶ 16). Additionally, Gualtero spoke to his fellow co-conspirator on how to use the taser that was ultimately used to subdue Agent Watson. *Id.* Moreover, Gualtero affirmed in the Statement of Facts that he "helped organize the other members of the conspiracy by . . . contacting members of the group to set up meeting times and obtaining disposable cell phones for the group to be used during the robberies." *Id.* ¶ 15.

---

[1] *United States v. Detwiler* held that courts should treat the federal Sentencing Guidelines as "true guidelines, and not mandates, when imposing sentence in this and all future cases." 338 F.2d 1166, 1166 (D. Or. 2004). As such, this Court will view the federal Sentencing Guidelines as advisory and persuasive.

7

Similar to Afolabi in *Akinkoye*, Gualtero was "material or essential" to committing this offense against Agent Watson. 185 F.3d at 202. Gualtero argues that his participation in the offense was limited to a role of a "runner," whose only duty was to collect money and transport the other conspirators (Doc. 396 at 5). However, the facts and record demonstrate that Gualtero's role was not limited to just a "runner," as he provided the weapons that were ultimately used to physically assault Agent Watson (Doc. 263 ¶ 16). Gualtero assumed an active role in the "millionaires' rides" as he helped coordinate the logistics of the schemes, thus making this case similar to *Cabell*, where the court held that one who "knowingly assists another by driving him to and from the scene of the crime" has more than a minor role in the offense. 118 F. App'x at 726.

Additionally, as the Fourth Circuit ruled in *Akinkoye*, "a conspirator may be held responsible not only for the losses his own conduct personally caused, but also for any other losses resulting from the furtherance of the conspiracy that were reasonably foreseeable to him." *Id.* at 202 (citing U.S.S.G. 1b1.3(a)(1)(B)). Therefore, Gualtero's claim that he did not "intentionally or knowingly cause [Agent Terry's] death," and that "the scheme was only to rob victims not to harm them," does not mitigate his role in the offense because physical harm to the victims was a foreseeable consequence of his and the conspirators' actions (Doc. 396 at 8). Moreover, the Statement of Facts, which Gualtero certified and signed as being true and accurate, concluded: "The actions of the defendant as recounted above were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason" (Doc. 263 ¶ 20). Thus, the records indicate that Gualtero knowingly committed an offense and played more than a minor role in a robbery scheme that resulted in

8

Agent Watson's death. Therefore, the Court holds that Gualtero was not a minor participant in the crime, and is not entitled to an adjustment in sentencing.

## 2. Ineffective Assistance of Counsel

"The benchmark for judging any claim of ineffectiveness [of counsel] must be whether counsel's conduct so undermined the proper functioning of the adversarial process" that it produced an unjust result. *Strickland v. Washington*, 466 U.S. 668, 669 (1984). The two-pronged *Strickland* test requires a defendant to demonstrate that (1) counsel's performance was deficient, and (2) that such deficient performance prejudiced the defendant and deprived him of a fair proceeding. *Id.* at 669. The *Strickland* test requires a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

If an attorney's performance falls below objective standards of reasonableness, his assistance is rendered deficient. *Tucker*, 2014 WL 3507453 at *3 (citing *Strickland*, 466 U.S. at 669 ("the defendant must show that counsel's representation fell below an objective standard of reasonableness.")). In *Tucker*, the Court ruled that it would view "[d]efense counsel's tactical decisions regarding which sentencing factors to argue" using a high deferential standard. *Tucker*, 2014 WL 3507453 at *11. Additionally, the Court held that defense counsel's strategic decisions at sentencing neither represented deficient performance, nor did it determine the outcome of the proceeding. *Id.* Specifically, the defendant argued that his counsel's failure to object to the Government's decision not to move for a downward departure constituted ineffective assistance of counsel. *Id.* However, the Court ruled that such an objection "would have been frivolous" because the Court and defense counsel lacked authority to compel the Government to move for a reduction in sentencing. *Id.*

Gualtero's ineffective assistance of counsel claim fails on its merits because he does not allege sufficient facts about his counsel's actions that would satisfy the two-pronged *Strickland* standard. Gualtero cites to *Missouri v. Frye* to bolster his claim that but for his counsel's ineffective assistance, the results of his criminal proceeding would have been different (Doc. 396 at 9) (citing *Missouri v. Frye*, 566 U.S. 133, 148 (2012)). However, Gualtero's case is distinguishable from *Frye* because in *Frye*, the Supreme Court held that defense counsel's actions were deficient and prejudicial toward the defendant due to his failure to "communicate formal offers from the prosecution to accept a plea on terms and conditions that may [have been] more favorable to [the defendant]." *Frye*, 566 U.S. at 145. The Supreme Court ruled that a defense counsel has an obligation to communicate the terms of a formal offer for a plea agreement "on terms and conditions that may result in a lesser sentence, a conviction on lesser charges, or both" to his client. *Id.* This issue is not before the Court today. Gualtero does not allege that his counsel failed to inform him of the terms of his guilty plea, nor does he accuse his counsel of withholding information about "terms and conditions that may result in a lesser sentence." *Id.*

Additionally, Gualtero claims his lawyer rendered ineffective assistance of counsel for failing to object to his obstruction of justice enhancement, and for failing to directly appeal the enhancement (Doc. 396 at 11). The Court agrees with the Government, and holds that Gualtero's argument is meritless because the record demonstrates that the trial and appellate counsel appropriately addressed this issue. Prior to Gualtero entering a guilty plea, his trial counsel filed a Motion to Suppress Statements for statements Gualtero had made to three federal agents during their interview of him after his arrest on June 25, 2014 (Doc. 106 at 1). The Court held an evidentiary hearing on the motion where law enforcement officers

and Gualtero testified. On November 24, 2014, the Court issued an opinion denying Gualtero's Motion to Suppress Statements because it did not find his testimony about United States law enforcement agents threatening him with a weapon to induce a confession as credible. *United States v. Gualtero*, 62 F. Supp. 3d 479, 486 (E.D. Va. 2014). Thus, the Government appropriately sought a two-level enhancement for obstruction of justice because of Gualtero's false testimony during the suppression hearing, "which [Gualtero's] counsel strenuously objected" (Doc. 410 at 16) (citing Sentencing Transcript at 31-36, 44). Therefore, the record expressly demonstrates that Gualtero's claim of his counsel's failure to object to the enhancement is false.

Moreover, appellate counsel reviewed Gualtero's allegation regarding the coerced confession on appeal, and determined that "any appeal of [the District Court's] finding would be legally frivolous," concluding that there were "no claims with legal merit" on appeal (Doc. 410-1, Exhibit A at 9-10). The Fourth Circuit affirmed that Gualtero waived his right to appeal his conviction and sentence, and held that there were no meritorious issues for appeal. *United States v. Gualtero*, 622 F. App'x 273, 274 (2015). Similar to how the court ruled in *Tucker*, directly appealing the Court's ruling on the enhancement in sentencing for obstruction of justice "would have been frivolous." *Tucker*, 2014 WL 3507453 at *11. Thus Gualtero's argument that the results of his criminal proceeding would have been different "but for his counsel's errors" fails (Doc. 396 at 10) (citing *Hill v. Lockhart*, 474 U.S. 52, 62 (1985)).

Similarly, Gualtero's claim that his counsel was ineffective for failing to challenge his base offense level at 43 also fails because this would have constituted another frivolous objection. See *Tucker*, 2014 WL 3507453 at *11 (E.D. Va. July 14, 2014) (holding that

because an objection to the Government's refusal to move for a reduction in sentencing "would have been frivolous . . . the Court need not inquire into defense counsel's specific motivation for declining to object to the Government's failure to move for a downward departure."). An objection to Gualtero's base offense level would have been futile because the United States Sentencing Guidelines Manual advises that a base offense level for First Degree Murder is 43. U.S.S.G. 2A1.1. n.1 ("This guideline also applies when death results from the commission of certain felonies . . . this guideline may be applied as a result of a cross reference (e.g., a kidnapping in which death occurs)"). Furthermore, Gualtero's plea agreement, which he signed as an acknowledgement that he understood the terms of the plea, provides "[pursuant to Section 1A1.1 of the Sentencing Guidelines, relating to First Degree Murder, the base offense level is 43." (Plea Agr. at 4). The plea agreement also made clear that the Defendant agreed to plead guilty to aiding and abetting the murder of an internationally protected person, in violation of Title 18, United States Code, Sections 116(a) and 2. *Id.* at 1. Thus, the Court holds that Gualtero was not prejudiced by his counsel's decision not to object to the base offense level of 43 because the record reflects that Gualtero pled guilty to First Degree Murder and Kidnapping of an Internationally Protected Person. Therefore, Gualtero has failed to establish both prongs of the *Strickland* test to prove ineffective assistance of counsel.

## B. Gualtero's Claims are Procedurally Barred

The Court DENIES Gualtero's section 2255 motion because even if his claims had merit, they are not cognizable on collateral review.

### 1. Minor Participant Adjustment

The Fourth Circuit has held that "[t]he language of 2255 makes clear that not every alleged sentencing error can be corrected on collateral review." *United States v. Foote*, 784 F.3d 931, 932 (4th Cir. 2015). Additionally, the Fourth Circuit has ruled that a petitioner moving for a section 2255 on a conviction or sentence after failing to do so on direct appeal must demonstrate cause and actual prejudice resulting from the errors of which he alleges, or that a miscarriage of justice would result if a court refused to permit such collateral review. *United States v. Mikaljunas*, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing *Frady*, 456 U.S. at 167-68).

While a section 2255 provides relief for a movant who shows that his sentence was in excess of the maximum authorized by law, misapplication of sentencing guidelines does not constitute a miscarriage of justice. 28 U.S.C. 2255; *Mikalajunas*, 186 F.3d at 496. In *United States v. Pregent*, Pregent moved for a reduction in his term of supervised release because the sentencing court misapplied the Sentencing Guidelines. 190 F.3d 279, 280 (1999). The court ruled that "an error in the application of the Sentencing Guidelines cannot be raised in a section 2255 proceeding" because although section 2255 grants relief to those who were sentenced in excess of maximums allowed by the law, it does not provide relief for cases where the sentencing court made errors in its application of the Sentencing Guidelines. *Id.* at 284-85 (citing *Mikalajunas*, 186 F.3d at 495-96). Similarly, Gualtero's sentencing fell within the statutory maximum authorized by law, and thus he has not raised a cognizable claim on collateral review.

Gualtero cites to *United States v. Quintero-Leyva* to argue that the Sentencing Commission's "minor role" amendment is retroactive (Doc. 396 at 3) (citing *United States v.*

*Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016). However, this case is distinguishable from Gualtero's because the Ninth Circuit Court ruled that the "minor role" amendment could apply retroactively to direct appeals, not on collateral attacks like section 2255 motions, which is before the Court today. *Id.* at 524. Similarly, the defendant in *United States v. Hernandez-Salazar* also cited to *Quintero-Leyva* to argue for a reduction in her sentence based on her allegedly minor role in the offense. 2016 WL 4511299, *1 (W.D. Va. Aug. 26, 2016). While the defendant argued that she was entitled to a minor role reduction based on the ruling in *Quintero-Leyva*, the court held that a movant could bring this type of claim only under 18 U.S.C. 3582, and no under a section 2255 motion. *Id.* Similarly, Gualtero's reliance on *Quintero-Leyva* is inconsequential to this motion. Therefore, the Court holds that Gualtero has failed to demonstrate that he has suffered actual prejudice through not receiving a minor role participant adjustment in sentencing, or that a miscarriage of justice would result if the Court refused to permit collateral review of his claim.

## 2. Ineffective Assistance of Counsel

If a petitioner challenges the validity of his plea agreement pursuant to a guilty plea under a section 2255 motion, a court must determine whether the plea was entered knowingly and voluntarily. *United States v. Broce*, 488 U.S. 563, 569 (1989). Such a guilty plea precludes federal collateral review of alleged constitutional errors that occurred prior to the entry of a guilty plea. *Watson*, 2011 WL 6697900 at *3 (citing *Mabry v. Johnson*, 467 U.S. 504, 508 (1984) ("a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.")).

When one enters a guilty plea knowingly and voluntarily, he waives all non-jurisdictional defects and the right to challenge the facts supporting the charges. *Gao v. United States*, 375 F.

Supp. 2d 456, 463 (E.D. Va. 2005) (citing *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993). Upon reviewing a habeas petition in *Tollett v. Henderson*, the Supreme Court held:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . .
>
> 411 U.S. 258, 267 (1973).

Gualtero's allegations in his section 2255 motion that he was only a "runner" in these "millionaire rides" who did not organize or plan any part of the scheme, contradicts the statement of facts contained within the Plea Agreement. As the court held in *United States v. Lemaster*, "[t]he truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." 403 F.3d 216, 222 (4th Cir. 2005). In addition to agreeing in his plea deal through his signature that he "fully underst[ood] all rights with respect to Title 18, United States Code Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in [his] case," Gualtero affirmed in open court that he reviewed the Statement of Facts in detail with his attorney, and confirmed his active role in the millionaire's ride conspiracies as well as his knowledge that robberies would ensue from such a scheme. (Plea Agreement at 15; Plea Transcript).

The Court may determine that a factual basis for a guilty plea exists through viewing any statements made on record, and in this case, the plea agreement between Gualtero and the Government makes clear that Gualtero pled guilty "because [he] is in fact guilty of the charged offense." (Plea Agreement at 2); *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991) ("Rule 11 does not require the judge to establish through colloquy that a factual basis exists for

the plea. The court may conclude that a factual basis exists from anything that appears on the record."). Gualtero admitted guilt in his plea agreement, and that he understood the terms and conditions within the plea agreement, which contained the base level offense charge of 43. (Plea Agreement at 4). Thus, he cannot claim now that the base level offense does not apply to him, or that his counsel was ineffective for failing to challenge such term. Furthermore, Gualtero accepted the plea agreement as it was written, which means that he cannot now claim that "he would have not accepted the plea had [sic.] he known counsel was not going to challenge the 'cross reference'" (Doc. 396 at 6).

As the Supreme Court noted in *Boykin v. Alabama*, an entry of a guilty plea by its nature "is more than a confession which admits that the accused did the acts." 395 U.S. 238, 242 (1969). The Supreme Court further opined in *North Carolina v. Alford* that a guilty plea constituted an "admission that [the accused] committed the crime charged against him." 400 U.S. 25, 32 (1970). Gualtero entered a plea of guilty, and like the court ruled in *Watson*, we must view his plea as an admission of guilt to a substantive crime. *Watson*, 2011 WL 6697900 at *3 (citing *United States v. Broce*, 488 U.S. 563, 570) (1989). Therefore, the Court holds that Gualtero's knowing and voluntary plea constituted a waiver of his non-jurisdictional claim, thus indicating that his ineffective assistance of counsel claim fails.

## IV. CONCLUSION

The Court DENIES Gualtero's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 for two reasons. First, the Court holds that Gualtero is not entitled to a minor role adjustment in sentencing because he was not a minor participant in the crime that ultimately resulted in Agent Watson's murder. Second, the Court holds that Gualtero was not deprived effective assistance of counsel because the record indicates that he has not satisfied the

two-prong *Strickland* test to demonstrate that a constitutional error occurred. Moreover, even if Gualtero were to have succeeded on the merits of his claim, he is procedurally barred from attacking his sentence on collateral review. Therefore, the Court holds that no evidentiary hearing is required.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner Omar Fabian Valdes Gualtero's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 396) is **DENIED**.

To appeal, Petitioner must file a written notice of appeal with the Clerk's Office within sixty (60) days of the date of this Order, in accordance with Federal Rule of Appellate Procedure 4. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit judge, in accordance with 28 U.S.C. § 2253 and Federal Rule of Appellate Procedure 22. For the reasons stated in the above Memorandum Opinion, this Court expressly declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

**ENTERED** this ___ day of September, 2017

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge

17